## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Language Access Network<br>6400 Huntley Road, Suite 101<br>Columbus, Ohio 43229 | : : : : | |
| Plaintiff, | : : | Case No. 2:23-cv-3759 |
| v. | : : | Judge |
| CulturaLink<br>157 Technology Parkway, Suite 600<br>Norcross, GA 30092 | : : : : | Magistrate<br><br>Original Case No. 2:19-cv-00194 |
| and | : : | **REFILED COMPLAINT** |
| Charles McIntosh<br>6 South Court Street<br>Athens, Ohio 45701 | : : : : | **WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| and | : : | |
| James Pastore<br>60159 East Verdesta Court<br>Tucson, AZ 85739 | : : : : | |
| and | : : | |
| Sheri Smith<br>4345 Whitaker Court<br>White Bear Lake, MN 55110 | : : : : | |
| Defendants. | : : | |

## **COMPLAINT**

1. This is an action for misappropriation of trade secrets in violation of 18 U.S.C. §§1836, *et seq.* and Ohio Revised Code §§1333.61, *et seq.,* breach of contract, tortious interference with contract, and unjust enrichment. This is a refiled action.

## JURISDICTION

2. This Court has jurisdiction in respect to the cause of action based upon Federal law pursuant to 18 U.S.C. §1836(c) and 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. §1367.

4. This Court has jurisdiction over the persons of the Defendants pursuant to Rule 4, Fed. R. Civ. Pro and Ohio Revised Code §2307.382, due to their contacts with the State of Ohio as described more particularly in the allegations describing the parties and the causes of action.

5. The contract between Plaintiff and Defendants McIntosh, Pastore, and Smith were entered into by the parties in Franklin County, Ohio, and the trade secret information misappropriated by the Defendants was located on computer servers in Franklin County, Ohio. Defendant maintains its principle place of business in Franklin County, Ohio. As a consequence, venue is proper in this Court.

## PARTIES

6. Plaintiff is a corporation organized pursuant to the laws of the State of Ohio with its principle place of business in Columbus, Franklin County, Ohio. Plaintiff is engaged in the provision of language interpretation and translation services via proprietary software. It sells its services to medical providers throughout the United States and operates eight different locations. It offers its services nationally, advertises through its website and through printed materials, and employs regional sales representatives assigned to geographic territories throughout much of the United States.

7. When Plaintiff receives an online or telephone inquiry, it provides information about the customer to the regional sales representative for follow-up. The sales representative also

generates sales leads by his or her own initiative. When an outside sales representative secures a sale, he or she passes the customer and product information to a sales support team member who is located at the company's headquarters in Columbus, Ohio. The support team members then arrange the provision of the services.

8. Plaintiff uses a proprietary computer program to collect customer and sales data. The data is stored on Plaintiff's computer servers at its headquarters in Columbus, Ohio. The sales representatives are provided with a login and a password which allows them to gain access to customer and sales information in Plaintiff's database. Sales representatives can also use Plaintiff's proprietary software system to generate reports reflecting sales trends by customer and by year. The sales and customer information are not available to the general public, and Plaintiff takes reasonable safeguards to protect it from disclosure.

9. As part of its reasonable efforts to prevent the unauthorized disclosure of its confidential and trade secret information, Plaintiff requires its outside sales representatives to sign confidentiality and non-compete agreements.

10. Plaintiff maintains as confidential information regarding its interpretation and translation services, proprietary video software, and the volume of business transacted on its behalf by its clients.

11. Plaintiff's sales and customer data, proprietary computer system, prices, information regarding its video software and names which it uses for its products, derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure. Further, by restricting access to the information, Plaintiff has made reasonable efforts to maintain its secrecy.

12. Defendant CulturaLink, Inc. is a corporation organized pursuant to the laws of the State of Georgia. Although it transacts substantial business in Ohio, it has not complied with Ohio law requiring it to register with the Ohio Secretary of State as a foreign corporation doing business in Ohio.

13. CulturaLink operates a competing language translation service center in Georgia. Its headquarters is also in Georgia.

14. Defendant Charles McIntosh began his employment as General Manager with Carenection (a tradename for Plaintiff) on July 1, 2014. He signed a Non-Compete Agreement on March 18, 2015. (Non-Compete Agreement attached hereto as Exhibit A). Defendant McIntosh had intimate knowledge of Plaintiff's pricing structure, bid requirements, and developed contacts through his employment with Plaintiff.

15. Defendant James Pastore began his employment with Plaintiff on or about May 1, 2015 as the Regional VP of Sales. He signed a Non-Compete Agreement on May 19, 2015. (Non-Compete Agreement attached hereto as Exhibit B). He also signed a Mutual Non-Disclosure Agreement on May 19, 2015. (Mutual Non-Disclosure Agreement attached hereto as Exhibit C). Defendant Pastore had intimate knowledge of Plaintiff's pricing structure, bid requirements, and developed contacts through his employment with Plaintiff.

16. Defendant Sheri Smith began her employment with Plaintiff on or about July 10, 2014 as Partner Engagement Manager. She signed a Non-Compete Agreement on July 23, 2014 and a Mutual Non-Disclosure Agreement on July 21, 2014. (Non-Compete Agreement attached hereto as Exhibit D; Mutual Non-Disclosure Agreement attached hereto as Exhibit E). She also signed an Assignment of Inventions and Proprietary Rights Agreement on June 18, 2015. (Assignment of Inventions and Proprietary Rights Agreement attached hereto as Exhibit F).

Defendant Smith had intimate knowledge of Plaintiff's pricing structure, bid requirements, and developed contacts through her employment with Plaintiff.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS
## PURSUANT TO 18 U.S.C. §1836, *et.seq*.

17. Plaintiff repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 16 as if fully rewritten herein.

18. Plaintiff and Defendants are engaged in interstate commerce. Plaintiff and Defendant CulturaLink provide language translation services throughout the United States. Defendants McIntosh, Pastore, and Smith sold these services for Plaintiff and have continued to sell those services for Defendant CulturaLink in the same territory to which they were assigned when they were employed by Plaintiff.

19. Upon information and belief, Defendants have solicited bids from the same clients they developed and maintained while employed by Plaintiff, including Good Shepherd Medical Center, Centura Health, CHI Health, and TPC, LLC.

20. As employees of Defendant CulturaLink, Defendants McIntosh, Pastore, and Smith called on customers misappropriated from Plaintiff for the purpose of soliciting their business on behalf of Defendant CulturaLink. Defendant CulturaLink has used or will use the confidential and trade secret information to gain an unfair competitive advantage in pricing its products and services.

21. Plaintiff will lose a currently undetermined amount in sales to its customers as a consequence of Defendants' misappropriation and unauthorized use of Plaintiff's confidential and trade secret information.

22. Plaintiff will suffer irreparable harm as a result of the Defendant's misappropriation and use of Plaintiff's confidential and trade secret information.

23. Defendants will be unjustly enriched by their misappropriation and use of Plaintiff's confidential and trade secret information.

24. The actions of Defendants violate the provisions of 18 U.S.C. §1836 *et.seq*.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS PURSUANT TO**
**OHIO REVISED CODE §1333.61 *et seq.***

25. Plaintiff repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 24 as if fully rewritten herein.

26. By their conduct, Defendants violated Ohio Revised Code §§1333.61, *et seq*. through their misappropriation of confidential and trade secret information, thereby causing Plaintiff irreparable harm and damages.

**COUNT III**
**BREACH OF CONTRACT**

27. Plaintiff repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 26 as if fully rewritten herein.

28. Defendants McIntosh, Pastore, and Smith entered into non-compete agreements requiring that they maintain as confidential Plaintiff's information and not solicit Plaintiff's customers for a period of two (2) years. Plaintiff fully performed its obligations pursuant to the contract. By the conduct described herein, Defendants McIntosh, Pastore, and Smith breached the contract, directly and proximately caused loss to Plaintiff.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT

29. Plaintiff repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 28 as if fully rewritten herein.

30. On information and belief, Defendant CulturaLink, knew of Defendants McIntosh, Pastore, and Smith's non-compete agreements with Plaintiff. Defendant CulturaLink induced Defendants McIntosh, Pastore, and Smith to breach their contracts with Plaintiff. Defendant CulturaLink did this intentionally and recklessly, thereby causing Plaintiff loss.

31. The actions of Defendants constitute tortious interference with Plaintiff's contractual relationships.

## COUNT V
## UNJUST ENRICHMENT

32. Plaintiff repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 31 as if fully rewritten herein.

33. Defendants, by their illegal and deceptive conduct, and their violations of law, have diverted income that rightfully belongs to Plaintiff, converting the income to themselves, thereby unjustly enriched and causing Plaintiff loss.

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an injunction forbidding Defendants from their continued possession and use of the confidential and trade secret information which they misappropriated from Plaintiff, an order prohibiting Defendants McIntosh, Pastore, and Smith from employment in a position wherein he/she may use the misappropriated trade secrets, compensatory damages, punitive damages, damages as described in 18 U.S.C. §1836(b)(3)(B), exemplary damages pursuant to 18 U.S.C. §1836(b)(3)(C), damages as described in O.R.C. §1333.63(A), exemplary damages provided for in O.R.C. §1333.63(B), costs and

7

attorney fees, all in an amount of at least Seventy-Five Thousand Dollars and no cents ($75,000.00). Plaintiff further requests that the Court grant to it such other and further relief that it deems just and equitable.

>Respectfully submitted,
>
>**NEWHOUSE, PROPHATER, KOLMAN & HOGAN, LLC**
>
>/s/ William H. Prophater, Jr.
>William H. Prophater, Jr.          (0062318)
>wprophater@npkhlaw.com
>Michael S. Kolman               (0031420)
>mkolman@npkhlaw.com
>5025 Arlington Centre Blvd., Suite 400
>Columbus, Ohio 43220
>Telephone:    614/255-5441
>Facsimile:     614/255-5446
>Counsel for Plaintiff

## JURY DEMAND

Plaintiff herein demands a jury of six jurors.

>/s/ William H. Prophater, Jr.
>William H. Prophater, Jr.          (0062318)